

390 North Broadway – Ste. 140 | Jericho, New York 11753
MAIN TELEPHONE: (516) 455-1500 | FACSIMILE: (631) 498-0478

DALLAS | NEW YORK | NAPLES

**April 26, 2022**

**Via Email to Chambers**

Honorable Kate M. Menendez
United States District Court
316 N. Robert Street
St. Paul, MN 55101

   Re: *SEC v. Carebourn Capital, L.P. et al.*, No. 21-cv-02114-KMM-JFD (D. Minn.);
      Response to Carebourn's April 22, 2022 Letter to the Court

Judge Menendez:

I am *pro hac vice* counsel to DarkPulse, Inc. ("DarkPulse") in the currently pending Minnesota state action concerning DarkPulse, Carebourn Capital, L.P. ("Carebourn"), and Chip A. Rice ("Rice") (Carebourn and Rice, together, the "Carebourn Parties"). *See Carebourn Capital, L.P. et al. v. DarkPulse, Inc. et al.*, Case 27-CV-21-1173 (Hennepin Cnty., Minn.) ("DarkPulse Action"). I submit this letter on behalf of non-party DarkPulse in response to the Carebourn Parties' April 22, 2022 letter to this Court. *See* ECF 64 ("Carebourn Letter").

The DarkPulse Action between the Carebourn Parties and DarkPulse concerns similar legal issues as those that are relevant to the claims alleged by the Securities and Exchange Commission ("SEC") in the above-referenced case. Carebourn seeks to enforce against DarkPulse certain securities transactions that appear to be unlawful. As an affirmative defense, DarkPulse has alleged that the transactions violate Section 15(a) of the Securities Exchange Act of 1934 because Carebourn, as an unregistered securities dealer, was not legally permitted to effect those transactions. *See* 15 U.S.C. § 78o. *See also* 15 U.S.C. § 78c(a)(5)(A).

**Protective Order.** Carebourn refused to produce discovery documents in the DarkPulse Action unless DarkPulse and Carebourn executed a protective order that, *inter alia*, prohibited public disclosure of discovery documents. On August 23, 2021, more than 1 month before the SEC commenced the instant enforcement action, DarkPulse and Carebourn entered into a stipulated protective order ("Protective Order"), which the Minnesota Court subsequently approved. The Protective Order includes a directive that any party that receives privileged or protected documents inadvertently must destroy those documents immediately, and notify the sender of the occurrence.

**Enforcement Order.** Unfortunately, Carebourn breached the Protective Order several times, forcing DarkPulse to move for sanctions, which the Minnesota Court granted. On April 14, 2022, Judge Robben found the Carebourn Parties acted in bad faith when violating the Protective Order by wrongfully using Protected Documents (as defined in the Protective Order) to serve their own

*April 26, 2022*
*DarkPulse's Response to*
*Carebourn's April 22 Letter to the Court*
*Page 2 of 4*

interests. A copy of the April 14 order entered in the DarkPulse Action ("Enforcement Order") is attached hereto as **Exhibit A** for the Court's reference.

The Enforcement Order concluded by unambiguously directing the Carebourn Parties to "immediately destroy all copies" of the Protected Documents identified by DarkPulse in their possession. *See* Enforcement Order at 9, ¶ 1.

The Carebourn Parties apparently did not destroy the documents immediately pursuant to the Enforcement Order. Rather, the Carebourn Parties now maintain that they cannot destroy the documents because certain of the SEC's Requests For Production, submitted on April 21, 2022, arguably apply to the Protected Documents that the Carebourn Parties were ordered to destroy.

This assertion is meritless. Because of the Protective Order, the Carebourn Parties never had rightful possession of the Protected Documents at issue, and pursuant to the Enforcement Order, all Protected Documents wrongfully in the Carebourn Parties' possession were to be immediately destroyed (and hence, no longer in the Carebourn Parties' possession) as of April 14 2022. It is baffling that the Carebourn Parties now appear to seek this Court's blessing to act in further contradiction of both the Protective Order and the Enforcement Order. The Carebourn Parties' letter to this Court further demonstrates their disdain and disrespect for the Protective Order and Enforcement Order, both of which were duly entered by Judge Robben. Accordingly, the Carebourn Parties' request must be denied.

With respect to the SEC's discovery requests, should the SEC require certain information that is rightfully in DarkPulse's possession, the SEC need only serve a subpoena on DarkPulse. But this Court should not aid the Carebourn Parties in escaping the "conflict[ed] position" they currently occupy,[1] nor should a hearing or informal conference be held absent the attendance of the one true party who would suffer actual prejudice: DarkPulse.

Counsel for DarkPulse are available at the Court's convenience should the Court have any further questions or concerns regarding the matters raised in the Carebourn Letter.

---

[1] *See* Carebourn Letter at 2. In this regard, Carebourn has no one to blame but itself and its legal counsel for its willful acts that were performed in bad faith and in violation of the Protective Order.

*April 26, 2022*
*DarkPulse's Response to*
*Carebourn's April 22 Letter to the Court*
*Page 3 of 4*

        Respectfully submitted,

        */s/ Eric J. Benzenberg*
        Eric J. Benzenberg, Esq.
        THE BASILE LAW FIRM, P.C.
        390 N. Broadway, Suite 140
        Jericho, New York 11753
        Tel.:    (516) 455-1500
        Fax.    (631) 498-0478
        Email: eric@thebasilelawfirm.com

        *Pro Hac Vice Counsel for DarkPulse, Inc.*

cc:    TAFT STETTINIUS & HOLLISTER LLP
       2200 IDS Center
       80 South Eighth Street
       Minneapolis, MN 55402
       Attn:   Jason R. Asmus, Esq., JAsmus@taftlaw.com
              Jordan L. Weber, Esq., JWeber@taftlaw.com

       *Minnesota Counsel for DarkPulse, Inc.*

       UNITED STATES SECURITIES AND
       EXCHANGE COMMISSION
       175 West Jackson
       Suite 1450
       Chicago, IL 60604
       Charles J. Kerstetter, Esq., kerstetterc@sec.gov
       Timothy J. Stockwell, Esq., stockwellt@sec.gov
       Christopher H White, Esq., whitech@sec.gov

       *Counsel for the U.S. Securities and Exchange Commission*

       UNITED STATES ATTORNEY'S OFFICE
       300 S 4th St. Ste 600
       Minneapolis, MN 55415
       Craig R Baune, Esq., craig.baune@usdoj.gov

       *Counsel for the U.S. Securities and Exchange Commission*

*April 26, 2022*
*DarkPulse's Response to*
*Carebourn's April 22 Letter to the Court*
*Page **4** of **4***

THE HUTTON FIRM, PLLC
333 South Seventh Street
Suite 1110
Minneapolis, MN 55402
Lee A. Hutton, III, lhutton@huttonmadgett.com
Jason Scott Juran, Esq., jason.juran@robertrhopper.com
Kyle Patrick Hahn, Esq., khahn@thehuttonfirm.com

*Counsel for Carebourn Capital, L.P.,*
*Carebourn Partners LLC, and Chip Alvin Rice*