UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Case No. 21-CV-2114 (KMM/JFD) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| CAREBOURN CAPITAL, L.P., CAREBOURN PARTNERS, LLC *Relief Defendant*, and CHIP ALVIN RICE, | |
| Defendants. | |

Before the Court is a request from Carebourn Capital, L.P., Carebourn Partners, LLC, and Chip Alvin Rice (collectively "Carebourn") for attorney's fees incurred in responding to Requests for Production of Documents (RFPs) which the Securities and Exchange Commission (SEC) made in error. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1 for resolution of pretrial matters. The Court denies Carebourn's request because the Securities Exchange Act of 1934 forbids courts from awarding such costs against the SEC in an action under that Act. 15 U.S.C. § 78aa(a).

## BACKGROUND

This motion arises from an action taken by the SEC against Carebourn for alleged violations of Section 15(a)(1) of the Securities Exchange Act of 1934. (Compl. ¶¶ 7, 58–60, Dkt. No. 1.) The Pretrial Scheduling Order in this case originally allowed both parties to serve up to 25 document requests (RFPs). (Pretrial Scheduling Order 1, Dkt. No. 36.) In

1

its initial document request on April 21, 2022, the SEC sent 43 numbered RFPs to Carebourn. (Ex. List, Ex. 1, Dkt. No. 104-1.) After realizing its error, the SEC sent a revised document request withdrawing all but 14 RFPs to Carebourn on May 11, 2022. (Ex. List, Ex. 5, Dkt. No. 104-5.) Instead of responding to the amended document request, Carebourn responded to the first 25 RFPs listed in the original document request. (Ex. List, Ex. 2, Dkt. No. 104-2.) The SEC moved the Court to compel Carebourn to respond to the RFPs in its amended May 11, 2022 request. (Pl.'s Mot. Compel Disc., Dkt. No. 101.)

The Court heard oral argument on December 8, 2022 on the SEC's motion to compel discovery. Carebourn claimed that the original document requests wasted Carebourn's time and resources by requiring its attorneys to perform excess work in responding to the first 25 RFPs listed in the April 21, 2022 request. (Def.'s Mem. Opp'n Pl.'s Mot. Compel Disc. 4, Dkt No. 108; Tr. of Dec. 8, 2023 Mot. Hr'g ("Tr.") 13:17–14:5, 15:4–16:17, 17:2–20.) The Court requested that Carebourn provide itemized invoices for attorney work completed in response to the SEC's original request. (Tr. 33:19–34:18.) In response, Carebourn emailed the Court a ledger of charges billed to Carebourn by the Hutton Firm between April 20, 2022 and May 24, 2022. It listed, for 12 separate entries, the initials of the attorney who performed the work, the date upon which the work was completed, a brief description of the work performed, the amount of time spent performing the work, the rate at which Carebourn was charged for the work by the attorney, and the total charge for each entry. It did not include the specific RFPs on which the attorneys worked. The invoice totaled $8,015.00. The SEC timely responded via email, objecting to Carebourn's request.

2

## LEGAL STANDARDS

The common law doctrine of sovereign immunity prevents attorney's fees and costs from being assessed against the United States unless the government consents to being sued by explicit statutory authorization. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685–86 (1983) ("Except to the extent it has waived its immunity, the Government is immune from claims for attorney's fees . . . Waivers of immunity must be "construed strictly in favor of the sovereign," . . . and not "enlarge[d] beyond what the language requires."") (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 267–68, 267 n.42 (1975); *McMahon v. United States*, 342 U.S. 25, 27 (1951); *E. Transp. Co. v. United States*, 272 U.S. 675, 686 (1927)). Further, the Securities Exchange Act of 1934 provides that "[n]o costs shall be assessed for or against the [Securities and Exchange] Commission in any proceeding under this chapter brought by or against it in the Supreme Court or such other courts." 15 U.S.C. § 78aa(a).

## ANALYSIS

Attorney's fees and costs cannot be assessed against the United States without explicit statutory approval. *Alyeska*, 421 U.S. at 268; *see also Cornella v. Schweiker*, 728 F.2d 978, 982 (8th Cir. 1984) (citing *Alyeska*); *Walling v. Frank Adam Elec. Co.*, 163 F.2d 277 at 283 (8th Cir. 1947) ("In the absence of statutory authority costs will not be taxed against the United States."); 10 Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2672, Westlaw (database updated Apr. 2023). Further, in applying 15 U.S.C. § 78aa(a) to another action in which the SEC was the plaintiff, the Fifth Circuit observed:

3

> [T]here is no statutory authority or judicial precedent which empowers a district court to assess the costs of a receivership against the SEC, an agency of the United States. On the contrary, section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v (1976), and section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa (1976), specifically provide, in identical language, that "(n)o costs shall be assessed for or against the Commission in any proceeding under this title brought by or against it in the Supreme Court or such other courts." *These provisions merely represent statutory recognition of the traditional doctrine of sovereign immunity which prohibits the assessment of damages, fees or costs against the Government without its consent.*

*S.E.C. v. Indep. Drilling Corp.*, 595 F.2d 1006, 1008 (5th Cir. 1979) (citations omitted) (emphasis added).

Here, the SEC has brought this action under Section 15(a)(1) of the Securities Exchange Act of 1934 (15 U.S.C. § 78u(d)). As an agency of the United States government, the SEC enjoys sovereign immunity from attorney's fees and costs absent an express statutory waiver of that immunity. Here, no such waiver has been enacted. This Court therefore may not order the SEC to compensate Carebourn for its attorney's fees in responding to the withdrawn RFPs.

## CONCLUSION

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Carebourn's Motion requesting attorney's fees is **DENIED**.

Date: July 19, 2023
*s/ John F. Docherty*
John F. Docherty
United States Magistrate Judge