UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States Securities and Exchange
Commission,

No. 21-cv-2114 (KMM/JFD)

                    Plaintiff,

                                                        **ORDER**

v.

 Carebourn Capital, L.P.; Carebourn
 Partners, LLC, *Relief Defendant*; and Chip
 Alvin Rice;

                    Defendants.

On February 24, 2023, the parties filed cross-motions for summary judgment. [Dkt. 125, 132.] Briefing was completed on April 14, 2023, and the Court held a hearing on May 15, 2023 and took the motions under advisement. [Dkt. 153.] More than two months later, on July 24, 2023, the Alternative Investment Management Association, Ltd., Trading and Markets Project, Inc., and National Association of Private Fund Managers (collectively "Proposed Amici") file a motion seeking leave to submit an Amici Curiae Brief in Support of Defendants' Motion for Summary Judgment. [Dkt. 168.]

Proposed Amici's request for permission to file their brief is a matter committed to the Court's discretion. *Pavek v. Simon*, Case No. 19-cv-3000 (SRN/DTS), 2020 WL 1467008, at *2 (D. Minn. Mar. 26, 2020). In exercising that discretion, the Court bases its decision on timeliness of the request, usefulness of the information Proposed Amici would provide, and whether the brief otherwise warrants consideration. *Id.*

Proposed Amici's request for leave to file their brief is denied for the following reasons. First, the request is untimely. As discussed, the briefing on the summary judgment motions closed two months before Proposed Amici sought leave to file their friend-of-court brief. The problem here is not only that the request was so late, though that certainly factors into the analysis. *Cf. Pavek*, 2020 WL 1467008, at *4 (allowing a brief challenged as untimely where it was submitted several weeks after the at-issue motion was filed, but *before* briefing on the motion had closed). The real problem is that Proposed Amici sought leave to submit such an untimely brief despite knowing about this case long before briefing on the summary judgment motions was underway. Indeed, Proposed Amici filed a brief in the appeal in a similar case in the Eleventh Circuit over a year ago that repeatedly referenced the SEC's filings in this case. [Dkt. 175-1 at 5–6, 18, 26.] Proposed Amici's delay is particularly unwarranted given the burden that addressing such a brief would impose on the parties and the Court at this late stage.

Second, the Court finds that Proposed Amici's information is largely unhelpful. Proposed Amici's suggested brief [Dkt. 169-1], seeks to introduce information that is largely duplicative of arguments Defendants have already raised in their own submissions. Proposed Amici and Defendants both take the position that to be a "dealer" under the relevant statutory provision, a person or business entity must do work on behalf of customers or clients. Proposed Amici also emphasize the importance of the factors outlined in the SEC's guidance documents concerning activities that may require dealer registration, but Defendants have presented such arguments too. Given this reality, the Court declines to allow Proposed Amici to file their brief.

The Court also notes that this matter has been thoroughly briefed by the parties, argued, and submitted, and the Court will soon issue a ruling on the pending summary judgment motions. Despite being submitted, the parties' advocacy on the motions has continued. Indeed, after the hearing, the parties filed several documents beyond the scope of the limited information requested by the Court at the summary judgment hearing. Consistent with the Court's request for the SEC to outline the form it believed an Order granting its summary judgment motion should take, the SEC filed a letter doing just that. [Dkt. 157.] However, Defendants then responded with a filing that constitutes an unsolicited memorandum of law [Dkt. 158], which then prompted the SEC to file a letter asking the Court to disregard the Defendants' submission [Dkt. 159]. The SEC next filed a notice of supplemental authority, which is generally an unobjectionable practice that continues to be welcomed by the Court. But rather than simply alert the Court to the existence of a case bearing on the issues in the proceeding, the SEC presented written argument concerning that decision's relevance to these proceedings. [Dkt. 161.] Absent a request to present that argument and the Court's prior permission, that too is an unsolicited memorandum of law. D. Minn. LR 7.1(i). And Defendants, of course, responded to that submission arguing that the SEC filed an improper brief. [Dkt. 163.] The parties must dispense with any further back-and-forth and are notified that the Court will disregard any further arguments raised in this matter that are not authorized by Local Rule or expressly permitted by the Court.

Based on the foregoing, **IT IS HEREBY ORDERED THAT** the Alternative Investment Management Association, Ltd., Trading and Markets Project, Inc., and

National Association of Private Fund Managers' Motion For Leave to File Amici Curiae Brief in Support of Defendants on Cross Motions for Summary Judgment [Dkt. 168] is **DENIED**.

Date: August 3, 2023

                                    *s/Katherine Menendez*

                                    Katherine Menendez
                                    United States District Judge