**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States Securities and Exchange Commission, | No. 21-cv-2114 (KMM/JFD) |
| Plaintiff, | **ORDER** |
| v. | |
| Carebourn Capital, L.P.; Carebourn Partners, LLC, *Relief Defendant*; and Chip Alvin Rice; | |
| Defendants. | |

The Court held a status conference on October 17, 2023 to discuss how the remedies phase of this litigation would be conducted following the Order granting the SEC's motion for summary judgment. Based on the discussion at that conference, the Court instructed the parties to submit letter briefs addressing whether the issue of remedies should be decided by the Court or a jury. On November 8, 2023, each side filed a letter brief—the SEC argues that the question of remedies is for the Court, and the Defendants argue that the issue should be decided by a jury. Alternatively, the Defendants contend that if the issue is for the Court to decide, the Court should empanel an advisory jury under Federal Rule of Civil Procedure 39(c), and they raise other concerns about the fairness of the procedures should the matter be resolved on the parties' briefing alone.

Having considered the parties' arguments and the authorities cited in their letters, the Court finds that the question of remedies in this case is for the Court to decide. While

the parties likely had a right to a jury trial to determine the issues of liability in this action, Eight Circuit precedent indicates that there is no such right with respect to the remedies available to the SEC. *See SEC v. Capital Solutions Monthly Income Fund*, 818 F.3d 346, 354–55 (8th Cir. 2016) (concluding that although defendant in securities-fraud suit was entitled to have liability determined by a jury, "he was not entitled to have the jury decide the remedies"); *SEC v. Quan*, 817 F.3d 583, 594–95 (8th Cir. 2016) (rejecting defendant's argument in a securities-fraud enforcement case that the district court could not order disgorgement because it was only authorized to grant equitable relief). Therefore, Defendants' reliance on the parties' mutual jury trial demands is misplaced. And Defendants offer no analysis or legal support for their suggestion that, under *Tull v. United States*, 481 U.S. 412 (1987), the remedies sought by the SEC are comparable to legal remedies at common law for which a right to a jury trial existed.

Moreover, the Court finds the approach taken by other federal district courts in similar unregistered-dealer cases persuasive. After finding the defendants' liability at the summary-judgment stage, other courts have addressed the issue of remedies through briefing, rather than trying the question to a jury. *See SEC v. Keener*, No. 1:20-cv-21254-BB, Doc. No. 145 (S.D. Fla. Dec. 7, 2022) (Order adopting in part Magistrate Judge's R&R regarding SEC's motion for remedies); *SEC v. Fierro*, No. 3:20-cv-2104, 2023 WL 4249011, at *9–10 (D.N.J. Jun. 29, 2023) (indicating that the court would determine appropriate remedies based on further briefing from the parties); *SEC v. Almagarby*, No. 0:17-cv-62255-MGC, Doc. No. 138 (S.D. Fla. Aug. 16, 2021), *R&R adopted*, No. 0:17-cv-62255-Cooke/Hunt, 2022 WL 832279 (S.D. Fla. Feb. 15, 2022).

Defendants do not explain why the Court should use an advisory jury under Rule 39(c) in this case, and the Court finds resort to such a procedure is a poor fit for the circumstances presented. Courts have employed juries in advisory capacities where there is significant doubt about whether a constitutional or statutory right to a jury trial exists in order to protect a verdict should an appellate court find error with the lower court's finding. *E.g.*, *Fair Isaac Corp. v. Fed. Ins. Co.*, 650 F. Supp. 3d 731, 742 (D. Minn. 2023). Courts have also used advisory juries to address a defendant's equitable defenses rather than inefficiently bifurcating proceedings and holding a later bench trial on those non-jury issues. *E.g.*, *Bombardier Recreational Prods., Inc. v. Arctic Cat Inc.*, No. 12-cv-2706 (JRT/LIB), 2017 WL 5256741, at *2 (D. Minn. Nov. 11, 2017) (denying plaintiff's motion in limine to exclude evidence of equitable defenses and instead presenting them to the jury for an advisory verdict). And courts will consider using an advisory jury when a trial involves a combination of claims for which there is a right to trial by jury and equitable claims to be tried by the court. *E.g.*, *Dietz v. Spangenberg*, No. 11-cv-2600 (ADM/JJG), 2014 WL 537753, at *1 & n.2 (D. Minn. Feb. 11, 2014) (noting that the parties agreed that only the fraudulent-transfer claims were to be tried to a jury but reserving the court's right to use an advisory jury with respect to the remaining equitable claims). Similar concerns are not present here. The Court sees no reason to exercise its discretion to use an advisory jury in this matter.

Finally, Defendants raise concerns that "the information provided by the Commission will be new witnesses filed with testifying affidavits." [Doc. 181 at 3.] Defendants indicate that they have an interest in cross-examining such witnesses instead

3

of simply receiving previously undisclosed testimony from the SEC. [*Id.*] At this stage, Defendants have only speculated that the SEC will seek to obtain remedies based on undisclosed evidence or testimony, so the Court will offer no advisory opinion regarding such issues. However, nothing in this Order precludes either party from seeking relief under applicable procedural rules regarding the use of evidence.

The Court notes that in other cases in which the SEC has sought similar remedies, the parties have addressed the issues through written briefing and the submission of documentary evidence for the Court's resolution. *Keener*, No. 1:20-cv-21254-BB, Doc. Nos. 120–25, 129, 133, 137 (S.D. Fla.) (briefing concerning SEC's motion for judgment); *Fierro*, No. 3:20-cv-2104, Doc. Nos. 53–56 (D.N.J.) (same); *Almagarby*, No. 0:17-cv-62255-MGC, Doc. Nos. 119–21, 124–31, 134 (S.D. Fla.) (same). In at least some of those cases, the parties stipulated to the use of such procedures and appear to have discussed in advance the evidence that was likely to be submitted by each side with respect to the issue of remedies. The Court does not suggest that such an approach is the only way to resolve the question of what remedies, if any, the SEC is entitled to in this matter, but notes that such an approach appears to have been largely workable in similar cases. Indeed, the Court would be open to an approach by which the parties submitted written briefs and documentary evidence, and either side could then request (or the Court could decide upon) either oral argument or a limited evidentiary hearing if necessary.

The parties are directed to meet and confer to discuss proposals for how the issue of remedies should be presented to the Court. Within 30 days of the date of this Order, if the parties have agreed upon a procedure, they may jointly submit a letter or stipulation

advising the Court of their preferred approach, and such a letter should include proposed deadlines for each side's submissions. If the parties are unable to reach an agreement, then each side shall submit a letter of no more than three pages, outlining the procedures they believe are appropriate, the reasons why such procedures are necessary or preferred, and citation to any legal authority supporting their proposal.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. The Defendants' request for a jury trial concerning remedies is **DENIED**. The question of remedies will be decided by the Court.

2. Within 14 days of the date of this Order the parties shall meet and confer as required by this Order.

3. Within 30 days of the date of this Order the parties shall submit a proposed briefing schedule as required by this Order.

Date: November 22, 2023           *s/Katherine Menendez*
                                   Katherine Menendez
                                   United States District Judge