# UNITED STATES DISTRICT COURT
## District of Minnesota

| | |
|---|---|
| United States Securities and Exchange Commission | **JUDGMENT IN A CIVIL CASE** |
| Plaintiff, | |
| v. | Case Number: 21-cv-02114-KMM-JFD |
| Carebourn Capital, L.P., Carebourn Partners, LLC, Chip Alvin Rice | |
| Defendants. | |

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. Plaintiff's Motion for Remedies is GRANTED IN PART and DENIED IN PART as set forth herein.

2. The motion is denied to the extent that it seeks civil penalties against Carebourn Capital, L.P. and Chip Rice.

3. Carebourn Capital, L.P. and Chip Rice ("Defendants") are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)(1)], as a dealer [15 U.S.C. § 78c(a)(5)], by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security pursuant to 17 C.F.R. § 240.15a-2 or commercial paper, bankers' acceptances, or commercial bills), unless the Defendants are registered with the Commission as a dealer, or associated with a registered dealer, in accordance with Exchange Act Section 15(b);

4. Pursuant to Federal Rule of Civil Procedure 65(d)(2), the permanent injunction set forth in Paragraph 2 of this Order also binds the following who receive actual notice of the Final Judgment by personal service or otherwise: (a) Defendants' general partners, limited partners, members, managing members, officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

5. Defendants are barred, for a period of three years from the date of this Order, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.

6. (a) Defendants are jointly and severally liable for disgorgement of $10,135,738.71, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $950,173.40, for a total of $11,085,912.11; and (b) Relief Defendant Carebourn Partners, LLC ("Relief Defendant") is liable for disgorgement of $1,109,306.50, representing the receipt of ill-gotten gains from Defendants' illegal conduct, together with prejudgment interest thereon in the amount of $103,924.66, for a total of $1,213,231.16.

7. Within ten days of entry of Judgment, Defendants must surrender for cancellation their remaining shares of stock of the issuers listed in Exhibit 1 of the SEC's motion for remedies in this case and surrender their remaining conversion rights under the convertible securities issued by the Issuers. Further, Defendants shall send copies of correspondence evidencing the surrender for cancellation of Defendants' remaining shares of the Issuers and their remaining conversion rights under the convertible securities issued by the Issuers to the SEC addressed to Charles J. Kerstetter, U.S. Securities and Exchange Commission, 175 W. Jackson Blvd., Suite 1400, Chicago, IL 60604.

Date: 9/23/2024                                                                 KATE M. FOGARTY, CLERK