## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Case No. 21-cv-2114 (KMM/JFD) |
| Plaintiff, | |
| v. | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE** |
| CAREBOURN CAPITAL, L.P., CAREBOURN PARTNERS, LLC *Relief Defendant,* and CHIP ALVIN RICE, | |
| Defendants. | |

---

Plaintiff United States Securities and Exchange Commission ("SEC") respectfully submits this memorandum in support of its Motion to Voluntarily Dismiss Without Prejudice ("Motion to Dismiss"). For the reasons set forth below, the Motion to Dismiss should be granted.

## I.      INTRODUCTION

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, the SEC moves to dismiss, without prejudice, the instant case. The SEC believes, in the exercise of its prosecutorial discretion and as a matter of policy, that further litigation is no longer appropriate in light of the dismissals of other unregistered dealer cases or claims alleging violations of Exchange Act Section 15(a) under facts similar to those in this case. Further, because the Eighth Circuit vacated numerous dispositive orders of this Court, proceeding on remand would require a substantial commitment of resources needed to relitigate the case. Dismissal would allow the SEC to allocate its limited resources elsewhere and

better serve the public interest. The SEC's decision is guided by a change in policies and priorities of a new administration and is not the result of bad faith or some other improper purpose.

While this case has been extensively litigated, dismissal without prejudice would conserve judicial and Defendant resources, including avoiding reconsideration of dispositive motions and a possible trial on the merits. The SEC has also been diligent in alerting the Eighth Circuit of its position following the change in administration and in pursuing dismissal before this Court after the Eighth Circuit's remand.

While Defendants do not oppose dismissal of the case, they do oppose dismissal without prejudice instead of with prejudice. The SEC requests that dismissal be without prejudice. Dismissal without prejudice is the default under Rule 41(a)(2), and Defendants will not experience legal prejudice as a result of the dismissal since the SEC is not merely trying to avoid an adverse decision or attempting to seek some tactical advantage.

## II.   FACTUAL AND PROCEDURAL HISTORY

On September 24, 2021, the SEC filed this case against defendants Carebourn Capital, L.P. ("Carebourn Capital"), Chip Rice ("Rice"), and relief defendant Carebourn Partners, LLC (collectively "Defendants"). (ECF No. 1.) The SEC's claims are for alleged violations of Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") based on the alleged failures of Carebourn Capital and Rice to comply with the Exchange Act's dealer registration requirements. (*Id.*) On September 27, 2023, this Court granted the SEC's Motion for Summary Judgment and held that Carebourn Capital and Rice violated Section 15(a)(1). (ECF No. 177.) The Court also found Carebourn Partners,

LLC liable as a relief defendant as to its receipt of ill-gotten gains resulting from the other defendants' violations. (*Id.* at 43). On September 23, 2024, the Court entered a final judgment ordering permanent injunctions and penny stock bars against Carebourn Capital and Rice, and disgorgement and prejudgment interest against all Defendants. (ECF No. 230 (Final Judgment); *see also* ECF No. 229 (Order on Remedies).)

Defendants then appealed to the United States Court of Appeals for the Eighth Circuit the following orders and judgments from this Court:

- Order dated April 12, 2022 (ECF No. 63), Granting in Part and Denying in Part the SEC's Motion to Strike Defendants' Affirmative Defenses;

- Order dated May 24, 2022 (ECF No. 76), Denying Defendants' Motion for Judgment on the Pleadings;

- Order dated July 19, 2023 (ECF No. 164), Denying Defendants' Motion for Costs and Attorney's Fees;

- Order dated September 27, 2023 (ECF No. 177), Granting the SEC's Motion for Summary Judgment and Denying Defendants' Motion for Summary Judgment;

- Order dated November 22, 2023 (ECF No. 182), Denying Defendants' Request for a Jury Trial or Evidentiary Hearing Concerning Remedies;

- Order dated September 20, 2024 (ECF No. 229), Granting in Part and Denying in Part the SEC's Motion for Remedies; and

- Order dated September 23, 2024 (ECF No. 230), entering Final Judgment against Defendants.

(*See* ECF No. 231.)

On June 5, 2025, the SEC filed an opposed motion to remand (the "Motion to Remand"), requesting, among other things, that the Eighth Circuit remand the case for

reconsideration of this Court's judgment in light of the SEC's recent voluntary dismissal of certain other enforcement actions alleging Section 15(a)(1) violations. (Appellee's Motion to Remand, *SEC v. Carebourn Capital, L.P., et al.*, No. 24-3280 (8th Cir. Jun. 5, 2025).) The SEC argued that, if the Eighth Circuit remanded the case, the SEC would move this Court under Federal Rule of Civil Procedure 60(b) for relief from the portions of the remedies that Defendants challenged on appeal. (*Id.* at 4-5.) Specifically, the SEC stated that it would seek modification of this Court's order enjoining Carebourn Capital and Rice from further Section 15(a)(1) violations, restraining them for three years from participating in penny-stock offerings, and directing all Defendants to disgorge profits obtained from the violations. (*Id.*) The SEC further stated that Defendants would "have the opportunity to ask [this Court] to address any additional issues they determine to be appropriate, including reconsideration of the district court's finding that appellants violated Section 15(a)(1) of the Securities Exchange Act, 15 U.S.C. 78o(a)(1), by acting as unregistered dealers." (Appellee's Reply in Support of Motion to Remand at 2-3, *SEC v. Carebourn Capital, L.P., et al.*, No. 24-3280 (8th Cir. Jun. 12, 2025).)

Ruling on the Motion to Remand, on June 20, 2025, the Eighth Circuit vacated "[t]he order(s) on appeal" as referenced above, including the orders on liability and remedies, and ordered that the case be "remanded back to the district court for further proceedings in light of the recent action taken by the United States Securities and Exchange Commission on May 22, 2025, as detailed in the Motion to Remand."

(Judgment, *SEC v. Carebourn Capital, L.P., et al.*, No. 24-3280 (8th Cir. Jun. 20, 2025).)[1]

## III.    ARGUMENT

### A.    Federal Rule of Civil Procedure 41 Standards

Federal Rule of Civil Procedure 41 governs dismissal of actions filed in federal court, including voluntary dismissal. Voluntary dismissal requires a court order where, as here, Defendants have answered the complaint and moved for summary judgment (albeit unsuccessfully) and are unwilling to stipulate to dismissal. *See* Fed. R. Civ. P. 41(a)(1)(A) and (B). In such circumstances a plaintiff may only voluntarily dismiss a case "by court order, on terms that the court considers proper." *See* Fed. R. Civ. P. 41(a)(2). Dismissal without prejudice is the default under Rule 41(a)(2). *See id.* ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."); *United States v. $70,670.00 in United States Currency*, 929 F.3d 1293, 1302 (11th Cir. 2019) (under Rule 41(a)(2), "[d]ismissal without prejudice is the general rule, not the other way around").

The factors this Court should consider in evaluating the SEC's Rule 41(a)(2) dismissal request include: (1) whether the SEC has presented a proper explanation for its desire to dismiss; (2) whether a dismissal would result in a waste of judicial time and effort; (3) whether a dismissal will result in a strategic or tactical advantage to the SEC or

---

[1] The May 22, 2025, "recent action" apparently references the SEC, following the change in administration and as an exercise of its discretion and as a matter of policy, voluntarily dismissing several pending, pre-final judgment enforcement actions similarly alleging Section 15(a)(1) violations. (*See* Appellee's Motion to Remand at 3.)

otherwise prejudice Defendants; (4) the stage of the litigation; and (5) the time and effort the parties have expended. *See Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013); *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213 (8th Cir. 2011); *Sorenson v. State of Minnesota*, No. 21-cv-671 (KMM/DJF), 2024 WL 986928, at *3 (D. Minn. Mar. 7, 2024) (Report & Recommendation adopted) (citing cases).

Courts routinely grant such motions without prejudice except when doing so would cause "plain legal prejudice" to the defendant. *See Corning Incorporated v. Wilson Wolf Mfg. Corp.*, 639 F. Supp. 3d 877, 882 (D. Minn. 2022) (citing *Hoffmann v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979)); *see also McCants v. Ford Motor Co.*, 781 F.2d 855, 856-57 (11th Cir. 1986). Legal prejudice means "something other than the necessity that defendant might face of defending another action." *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984). "It generally refers to the rights and defenses available to the defendant in future litigation." *Traditionalist Am. Knights of the Ku Klux Klan v. City of Desloge*, No. 4:13-CV-810 NAB, 2016 WL 5118588, at *2 (E.D. Mo. Sept. 21, 2016) (Report & Recommendation) (citing *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987).

### B.    The Court Should Grant the SEC's Motion to Voluntarily Dismiss Without Prejudice

Dismissal without prejudice is appropriate in this case for the following reasons.

### 1.    The SEC's Reason for Dismissal

The SEC has presented a proper explanation for its desire to dismiss: the exercise of its discretion, to reallocate resources, and as a matter of policy. In *United States v. $32,820.56 in United States Currency*, 838 F.3d 930, 937 (8th Cir. 2016), the Eighth Circuit found that the government's reasoning for voluntary dismissal without prejudice – "the exercise of prosecutorial discretion and a desire to allocate resources elsewhere" – were valid reasons for dismissal under Rule 41(a)(2). In that case, the IRS issued a policy memorandum that altered the IRS's approach to civil forfeiture after the government filed a civil forfeiture complaint. *Id.* at 933. The memorandum stated that the IRS would generally no longer pursue "seizure and forfeiture of funds in structuring cases where the funds were believed to have come from legal sources," as was alleged in the complaint. *Id*. That post-filing change in government policy validly supported Rule 41(a)(2) dismissal. *Id*. at 937.

Other courts have found comparable reasons for dismissal to be sufficient under Rule 41(a)(2). *See, e.g., United States v. $8,040 in United States Currency*, No. 6:21-CV-6323-CJS, 2025 WL 2043417, at *2, *8 (W.D.N.Y. July 21, 2025) (after Second Circuit vacated entry of default and allowed claimant to continue pursuit of seized funds, court granted dismissal without prejudice given government's explanation that "[t]he amount of currency at issue no longer meets the current thresholds of the USAO-WDNY"); *United States v. One 2003 GMC Sierra 3500 Pickup Truck, VIN: 1GTJK33113F208636*, No. 05-74205, 2012 WL 2502695, at *2-3 (E.D. Mich. Jun. 28, 2012) (granting dismissal without prejudice given government's determination "that it would not be cost-effective

to try this case for the amount remaining in controversy"); *Agjunction LLC v. Agrian Inc.*,
No. 14-CV-2069-DDC-KGS, 2015 WL 416444, at *8-9 (D. Kan. Jan. 30, 2015) (granting
without-prejudice dismissal based on plaintiff's explanation that it "ha[d] elected to
pursue other business solutions for [it]s claims rather than continuing the ongoing cost
and expense to all parties in pursuing [litigation]").

 Similarly, the SEC is requesting dismissal as an exercise of prosecutorial
discretion and a matter of policy following the change in administration. Despite
previously prevailing on summary judgment (which has now been vacated), the SEC
believes further litigation is no longer appropriate in light of the dismissals of other
unregistered dealer cases or claims alleging similar conduct in the following cases: (1)
*SEC v. Long*, Case No. 23-cv-14260 (N.D. Ill.); (2) *SEC v. Tri-Bridge Ventures, LLC*,
Case No. 24-cv-5711 (D.N.J.); (3) *SEC v. LG Capital Funding, LLC, et al*., Case No. 22-
cv-3353 (E.D.N.Y.); (4) *SEC v. River North Equity, LLC, et al.*, Case No. 19-cv-1711
(N.D. Ill.) (dismissing unregistered dealer claims, but continuing to litigate other claims);
(5) *SEC v. Fife*, Case No. 20-cv-05227 (N.D. Ill.); (6) *SEC v. Auctus Fund Mgmt., LLC*,
Case No. 23-cv-11233 (D. Mass.); and (7) *SEC v. Kramer*, Case No. 24-cv-03498
(S.D.N.Y.) (collectively, the "Dealer Cases").

 With the exception of *River North*, the SEC's claims in the Dealer Cases, as here,
were exclusively for alleged primary and/or secondary violations of Exchange Act
Section 15(a) under facts similar to those in this case. Further, because the Eighth Circuit
vacated this Court's orders on liability and remedies, dismissal would avoid the time and
expense of relitigating claims and allow the SEC to allocate its limited resources

elsewhere. Accordingly, the SEC has presented a proper explanation for its desire to dismiss this case without prejudice.

        2.    *The Stage of the Litigation and Time/Effort Expended by the Parties*

Although a factor in the analysis, the expense and effort of participating in litigation prior to dismissal does not constitute prejudice to Defendants. *See, e.g., Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 729 (8th Cir. 2014) ("The expense and effort of drafting and responding to discovery prior to dismissal does not constitute legal prejudice.") (*citing Kern*, 738 F.2d at 970). And while this case has been extensively litigated over the past several years, courts routinely permit voluntary dismissal without prejudice despite significant litigation. *See, e.g., $32,820.56 in United States Currency*, 838 F.3d at 933, 937-38 (affirming dismissal without prejudice after close of discovery with trial several months away); *Blaes v. Johnson & Johnson*, 858 F.3d 508, 513 (8th Cir. 2017) (affirming dismissal without prejudice despite the fact the "parties had prepared for trial for over two years, and the court had already overseen discovery and considered some pretrial motions"); *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262–63 (8th Cir. 1993) (upholding voluntary dismissal without prejudice after some discovery had been completed and the defendants filed a motion for summary judgment); *Kern*, 738 F.2d at 971 (upholding voluntary dismissal without prejudice after plaintiff had presented all but one witness at trial); *City of Desloge*, 2016 WL 5118588, at *4 (granting voluntary dismissal without prejudice despite the parties having "expended considerable resources" advancing the case over a period of three years, including an interlocutory appeal and the disposition of summary judgment motions) (citing cases).

Further, Defendants have presumably not incurred significant expense preparing this case for *trial*, which some courts consider an important distinction. *See, e.g., Agjunction*, 2015 WL 416444, at *4 (in granting dismissal without prejudice, finding it significant that defendants incurred the vast majority of fees, over $1 million each, defending and preparing for a preliminary injunction hearing, and not for trial) (citing *Ascentive, LLC v. Opinion Corp.*, No. 10 Civ. 4433, 2012 WL 1569573, at *1, 5-6 (E.D.N.Y. May 3, 2012), and *UnitedGlobalcom, Inc. v. McRann*, No. 01-cv-2354-EWN-MJW, 2007 WL 915495, at *10 (D. Colo. Mar. 23, 2007)); *see also Canadian Nat. Ry. Co. v. Montreal, Maine & Atlantic Ry., Inc.*, 275 F.R.D. 38, 42 (D. Me. 2011) (the fact a voluntary motion to dismiss "is being made during a brief lull in the case" and with no dispositive motions or trial date pending, weighs in favor of dismissal without prejudice). Here, no trial date was ever set and there are no motions pending. The Court issued its summary judgment ruling before any meaningful trial preparation, such as motions *in limine,* a pretrial order and trial briefs, or a final pretrial conference. And Defendants never deposed any fact witnesses in discovery or disclosed any expert witnesses. Moreover, in light of the Eighth Circuit's vacatur of this Court's prior orders, dismissal will eliminate the need for the expenditure of further party resources in relitigating the claims in this case.

While this Court in *Sorenson* approved of a magistrate judge considering the "expenditure of resources by the parties and the Court" in denying a Rule 41(a)(2) dismissal without prejudice, in that case it appeared to the Court that the motion was "undertaken for the purpose of avoiding an unfavorable decision." *See Sorenson*, 2024

10

WL 986928, at *4 (citing *Thatcher*, 659 F.3d at 1214-15, and *Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 805 (8th Cir. 2021)). As discussed below, that is not the case here.

### 3.    *Potential Waste of Judicial Time and Effort*

In the context of considering the waste of judicial resources, this Court in *Sorenson* agreed with the magistrate judge's observation that the plaintiff "continue[d] to demonstrate an unwillingness to respect the Court's orders" and that "any subsequent suit by [plaintiff] concerning these matters would likely involve similarly extensive and litigious motion practice." *Sorenson*, 2024 WL 986928, at *4, n.5. Neither situation applies to the SEC in this case. Indeed, denying the SEC's voluntary dismissal would only result in additional time and effort if the litigation in this case were to continue. Dismissal at this stage would conserve judicial resources, including the reconsideration of dispositive motions and a possible trial on the merits.

The SEC's request to dismiss at this stage in the litigation is justified as the result of the discretion and policy considerations of a new administration, not the result of bad faith or purposeful delay. *Cf. Ha'Keem v. Mesojedec*, No. 16-cv-0348 (JNE/HB), 2020 WL 13750053, at *2 (D. Minn. Mar. 16, 2020) (Report & Recommendation) (denying voluntary motion to dismiss without prejudice because, in part, plaintiff delayed in filing the motion with no "reasonable excuse" for such "inaction"). Moreover, the SEC has been diligent—both in alerting the Eighth Circuit of its position following the change in administration, as well as pursuing dismissal after the Eighth Circuit's remand. *See City of Desloge*, 2016 WL 5118588, at *3 (considering that plaintiff "was diligent in pursuing

11

[voluntary] dismissal" after a change in the law impacted the value of plaintiff prevailing on its lawsuit); *Ascentive*, 2012 WL 1569573, at *4 (plaintiff was diligent by filing its motion to dismiss within a "reasonable period of time" after a court decision caused plaintiff to reassess the costs of pursing its action).

### 4. *Potential Prejudice to Defendants*

As for prejudice to Defendants, even though a dismissal with prejudice would presumably be their preferred outcome, this does not mean that they would suffer "legally recognizable prejudice" if the case is dismissed without prejudice. *See United States v. $32,820.56 in United States Currency*, 79 F. Supp. 3d 927, 931 (N.D. Ia. 2015) (finding that "[e]ven if the risk of refiling is low" and "definite finality has an advantage over likely finality," "[t]his does not mean … that the Claimants would suffer legally-cognizable prejudice if USA's motion [to dismiss without prejudice] is granted"), *aff'd*, 838 F.3d 930. Legal prejudice means "the loss of a material advantage that the nonmoving party would enjoy only if the pending action were to continue." *SnugglyCat, Inc. v. Opfer Commn's, Inc.*, 953 F.3d 522, 528 (8th Cir. 2020). This typically results when a moving party is merely trying to avoid an adverse decision or attempting to seek some tactical advantage. *See, e.g., Thatcher*, 659 F.3d at 1213-14 ("[A] party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum."); *$32,820.56 in United States Currency*, 838 F.3d at 937 (granting voluntary dismissal without prejudice given, in part, "no indication that the government sought dismissal in order to gain some kind of strategic advantage or as an exercise of procedural gamesmanship") (citation altered)).

12

Neither is the case here. The SEC prevailed in this litigation and therefore is not trying to avoid an unfavorable decision. *Cf. C.H. Robinson Worldwide, Inc. v. Traffic Tech, Inc.*, No. 19-CV-00902 (KMM/DTS), 2024 WL 4333210, at *4-5 (D. Minn. Sept. 27, 2024) (denying plaintiff's "eleventh hour voluntary dismissal" intended to avoid an imminent unfavorable decision on defendant's motion for summary judgment)*.* The SEC is also not dismissing for a tactical advantage, or to gain negotiating leverage. *Cf. Sorenson*, 2024 WL 986928, at *4 (affirming finding that plaintiff improperly sought dismissal to, among other things, refile and "negotiate from a stronger tactical position"). Indeed, any potential burden on Defendants from dismissal without prejudice is mitigated by the statutes of limitations on relief in SEC enforcement actions. *See, e.g., $32,820.56 in United States Currency*, 79 F. Supp. 3d at 931 (noting that the government would be at a "serious strategic *disadvantage* if it ever decides to refile this action" given the one-year limitations period) (emphasis in original).[2]

## C.    The Court Should Not Dismiss This Case With Prejudice

The Court may dismiss this action "on terms that the court considers proper," but "[u]nless the order states otherwise, dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). "[D]ismissal with prejudice is the most severe sanction that a court may apply, and its use must be tempered by a careful exercise of

---

[2] The statute of limitations for the SEC's non-scienter-based claims for disgorgement, prejudgment interest, and civil penalties is five years. *See* 15 U.S.C. § 78u(d)(8)(A); 28 U.S.C. § 2462; *Kokesh v. SEC*, 581 U.S. 455 (2017). The SEC filed its Complaint on September 24, 2021, alleging misconduct from at least 2013 through the date of filing. (ECF No. 1 at ¶ 1.)

judicial discretion." *$70,670.00 in United States Currency*, 929 F.3d at 1301 (quoting

*Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)) (citation modified).

Even extensive prior litigation is not necessarily grounds for a dismissal with prejudice.

As stated in *$70,670.00 in United States Currency*, "delay alone, in the absence of bad

faith, is insufficient to justify a dismissal with prejudice, even where a fully briefed

summary judgment motion is pending, and indeed even on the eve of trial." *Id*. (citation

altered); *see also David v. Segal*, No. 92-1371, 1992 WL 94795, at *1 (8th Cir. May 11,

1992) ("As a general rule, only a clear pattern of delay or 'contumacious conduct'

warrants dismissal with prejudice.") (citing cases). Under these principles and the

circumstances of this case, the Court should exercise its discretion by not requiring that

dismissal of this action be with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant the SEC's requested motion to

voluntarily dismiss the case without prejudice.

Dated:  September 10, 2025          Respectfully submitted,

                                    s/ Timothy J. Stockwell
                                    Timothy J. Stockwell (D.C. Bar No. 484238)

                                    *Attorney for Plaintiff U.S. Securities and*
                                    *Exchange Commission*

                                    175 West Jackson Blvd., Suite 1450
                                    Chicago, Illinois 60604
                                    Telephone: (312) 596-6049
                                    Fax: (312) 353-7398
                                    stockwellt@sec.gov