**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

      Plaintiff,

v.

CAREBOURN CAPITAL, L.P.;
CAREBOURN PARTNERS, LLC; and
CHIP ALVIN RICE;

      Defendants.

No. 21-cv-2114 (KMM/JFD)


**ORDER**

---

The parties agree it is time for this civil-enforcement action to come to an end, but they disagree on how. Plaintiff United States Securities and Exchange Commission ("SEC") asks the Court to voluntarily dismiss the action without prejudice (Dkt. 247), whereas Defendants Carebourn Capital, L.P., Carebourn Partners, LLC, and Chip Alvin Rice (together "Defendants") seek a dismissal with prejudice. Defendants also ask the Court to sanction the SEC under Rule 11 of the Federal Rules of Civil Procedure or its inherent power, or to award fees under the Equal Access to Justice Act. (Dkt. 259.) For the reasons that follow, the Court grants the SEC's motion to dismiss without prejudice and denies Defendants' motion for sanctions.

## BACKGROUND

The SEC filed this case in September 2021 (Dkt. 1), alleging that Defendants bought and sold billions of newly issued shares of microcap securities without registering as a "dealer" in violation of the Securities Exchange Act of 1934 (Exchange Act). *See* 15

1

U.S.C. § 78o(a)(1). On September 27, 2023, this Court granted the SEC's motion for summary judgment on liability and denied Defendants' cross-motion for summary judgment. (Dkt. 177.) The Court found that there was no dispute that Defendants acted as a dealer, used the mails or others means of interstate commerce in their business, purchased and sold securities, and failed to register as a dealer with the SEC or to associate with an entity registered with the SEC, as required by law. (*See id.* at 13–14, 16, 32–33.) The Court also found that Defendants met the statutory definition of a "dealer" under 15 U.S.C. §§ 78c(a)(5)(A)–(B), because they bought and sold securities for their own account as part of a regular business. (*See generally id.*) The Court enjoined Defendants from future violations of the Exchange Act's dealer-registration provision, imposed a three-year penny-stock bar, required Defendants to disgorge significant profits and pay prejudgment interest, and ordered Defendants to surrender remaining shares of certain stock for cancellation. (Dkt. 229.)

On November 5, 2024, Defendants filed an appeal with the United States Court of Appeals for the Eighth Circuit. (Dkt. 231.) On June 5, 2025, while the appeal was pending, the SEC filed a motion asking the Eighth Circuit to remand the matter to this Court so that the SEC could file a Rule 60(b) motion asking this Court to vacate portions of its remedies order. Specifically, the SEC advised: "On May 22, 2025, following the change in administration, as an 'exercise of its discretion and as a policy matter,' the Commission voluntarily dismissed several pending, pre-final judgment enforcement actions alleging that the defendants acted as unregistered 'dealers.'" *SEC v. Carebourn Cap., L.P.*, No. 24-3280 (8th Cir. June 5, 2025) (SEC's Motion to Remand at 3). The

2

Eighth Circuit granted the SEC's motion, vacated "the order(s) on appeal," and remanded the case to this Court "for further proceedings in light of the recent action taken by the United States Securities and Exchange Commission on May 22, 2025, as detailed in the [SEC's motion]." (Dkt. 236.)(*Id.*)

Specifically, the vacated "order(s) on appeal" included:

- Order granting in part and denying in part the SEC's motion to strike Defendants' affirmative defenses (Dkt. 63 (Apr. 12, 2022));
- Order denying Defendants' motion for judgment on the pleadings (Dkt. 76 (May 24, 2022));
- Order denying Defendants' motion for costs and attorney's fees (Dkt. 164 (July 19, 2023));
- Order granting the SEC's motion for summary judgment and denying Defendants' cross-motion for summary judgment, issued by United States Magistrate Judge John F. Docherty (Dkt. 177 (Sept. 27, 2023));
- Order denying Defendants' request for a jury trial on remedies (Dkt. 182 (Nov. 22, 2023));
- Order granting in part the SEC's motion for remedies (Dkt. 229 (Sept. 20, 2024)); and
- Order entering final judgment against Defendants (Dkt. 230 (Sept. 23, 2024)).

(Dkt. 231.) The Eighth's Circuit mandate issued on August 11, 2025, and this Court held a status conference to obtain input from the parties on next steps. (Dkts. 238–39.)

In September 2025, the SEC filed a motion to dismiss the case voluntarily and without prejudice, and Defendants filed their motion for sanctions.[1] (Dkts. 247, 252.) The parties' motions are now fully briefed, and the Court addresses them below.

---

[1] The matter was temporarily stayed from October 7, 2025 through November 14, 2025 during a lapse in appropriations. (Dkts. 265, 266.)

## DISCUSSION

**I.    The SEC's Motion to Dismiss**

**A.  Rule 41(a)(2) Standard**

The SEC moves for dismissal of this action, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). (Dkt. 249 at 1.) Under that rule, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless an order dismissing a case under Rule 41(a)(2) specifies otherwise, the dismissal is without prejudice. *Id.*

The district court has discretion to grant or deny a plaintiff's motion to dismiss a suit voluntarily. *Beavers v. Bretherick*, 227 Fed. App'x 518, 520 (8th Cir. 2007). "When deciding whether to allow voluntary dismissal, the court should consider 'whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendant.'" *C.H. Robinson Worldwide, Inc. v. Traffic Tech, Inc.*, 161 F.4th 1101, 1108 (8th Cir. 2025) (quoting *Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 804–05 (8th Cir. 2021)). However, courts should not allow a party to dismiss a case "merely to escape an adverse decision [or] to seek a more favorable forum." *Id.* (quoting *Graham*, 998 F.3d at 805).

Applying Rule 41(a)(2), courts consider whether allowing a plaintiff to dismiss a case without prejudice will cause a defendant "legal prejudice," or "something other than the necessity that defendant might face of defending another action." *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) (quoting *Kern,* 738 F.2d at 970).

4

Legal prejudice does not include the burden and expense of having to respond to discovery or the loss of tactical advantages. *Id.* And it is "more than the fact that a defendant might have to defend another action." *Blaes*, 858 F.3d at 513.

"[D]istrict courts … retain discretion to guard against abuse and to dismiss *with* prejudice in appropriate cases." *United States v. $32,820.56 in United States Currency*, 838 F.3d 930, 936 (8th Cir. 2016). In considering whether voluntary Rule 41(a)(2) dismissals should be with or without prejudice, the Eighth Circuit has provided the following guidance:

> Under Rule 41(a)(2), dismissals sought by the plaintiff are without prejudice unless the district court's order specifies otherwise. Thus, Rule 41(a)(2) implicitly permits the district court to dismiss an action with prejudice in response to a plaintiff's motion for dismissal without prejudice. When a plaintiff requests dismissal without prejudice and the district court intends to dismiss with prejudice, however, the district court must give the plaintiff notice of its intention and a chance to withdraw the request and proceed with litigation. Otherwise, the district court would deny the plaintiff the option of trying the case on the merits, because unlike a dismissal without prejudice, a dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and res judicata precludes further litigation.

*Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995) (internal citations omitted).

Other courts have noted that "dismissal with prejudice is the most severe sanction that a court may apply, and its use must be tempered by a careful exercise of judicial discretion." *United States v. $70,670.00 in U.S. Currency*, 929 F.3d 1293, 1301 (11th Cir. 2019) (cleaned up). Dismissal with prejudice should occur only in cases with "a clear record of delay or contumacious conduct by the plaintiff." *Id.* (quotation omitted); *see*

5

*also Clouse v. Big Sandy Reg. Det. Ctr.*, 289 F.R.D. 452, 454 (E.D. Ky. 2013) (noting that courts consider "excessive delay and lack of diligence on the part of the plaintiff" among other factors in deciding whether to dismiss with or without prejudice).

## B. Analysis

In addressing the relevant factors below, the Court is mindful that the real question in this case is not whether it should be dismissed, but whether the dismissal should be with or without prejudice. The SEC provides a proper explanation for its request to dismiss this action and the court finds it was made in good faith. *See SnugglyCat, Inc.*, 953 F.3d 522, 528 (8th Cir. 2020) (noting that the district court "expressly found the motion [for voluntary dismissal was] made in good faith"). The SEC does not seek dismissal to escape an adverse decision or to shop for a more favorable forum. And dismissal of the action will not legally prejudice Defendants because it will not deprive them of any substantive defense or claim in the litigation. There is no record of delay or contumacious conduct by the SEC in this case. *See $70,670.00 in U.S. Currency*, 929 F.3d at 1301. Accordingly, the Court finds that dismissal is clearly appropriate and that it should be without prejudice.

***Proper Explanation.*** First, the SEC has presented a proper explanation for its desire to dismiss the litigation. Following the 2024 presidential election and the subsequent change in the administration, the SEC made a discretionary policy choice to no longer pursue several unregistered-dealer cases, including this one. The SEC apparently made that choice based on new agency priorities. The Eighth Circuit has previously approved the government's dismissal of an action without prejudice following

6

a change in policy, and this Court is aware of no authority to the contrary. *See United States v. $32,820.56 in United States Currency*, 838 F.3d 930, 937 (8th Cir. 2016) (stating that an executive agency's "exercise of its prosecutorial discretion and a desire to allocate resources elsewhere" was "a valid reason for seeking dismissal").

Arguing to the contrary, Defendants suggest that the SEC does not offer a proper explanation for seeking to dismiss, the agency's actions before the Eighth Circuit reflect an effort to avoid an unfavorable decision on appeal, and the agency pursued the action in bad faith.[2] (Dkt. 259 at 12–13.) But the record simply does not support Defendants' assertion. Initially, the SEC prevailed on its claims in this Court and obtained most of the relief it requested. After Defendants appealed, the SEC asked the Eighth Circuit to remand the matter so it could file a Rule 60 motion in this Court to amend the judgment to undo some of the relief that the SEC received. The Eighth Circuit took that approach because the SEC identified a policy change adopted by a new administration. Nothing in the record signals that the SEC changed course because an adverse ruling by the Eighth Circuit was imminent.

In support of their argument that the Court should reject the SEC's proffered explanation for seeking dismissal, Defendants do not identify any reason to think that the SEC is trying to avoid an adverse decision when it has already prevailed on the merits of its claims. Defendants do not identify any caselaw addressing similar circumstances where a court has reached that conclusion. Instead, Defendants point only to previous

---

[2] As explained below in Part II, Defendants' claim that this litigation was pursued in bad faith is without merit.

internal disputes within the SEC about the propriety of pursuing enforcement actions given the limits of then-existing agency guidance on who must register as a "dealer" under the Exchange Act. But it is unclear how that debate shows that the SEC's current motivation for seeking a remand from the Eighth Circuit and dismissal of this action is to avoid an adverse decision on the merits. Based on the record and the timing of the SEC's request, the request is clearly a result of the change in administration and the agency's priorities rather than bad faith.

Because the SEC has provided a valid explanation for seeking dismissal now and is not seeking to dismiss the action to avoid an adverse ruling or to shop for a more favorable forum, the Court finds these considerations weigh in favor dismissing the action without prejudice.

***Waste of Time and Effort.*** This case was heavily litigated. It progressed through discovery, involved significant briefing on dispositive motions, and, ultimately, resulted in a judgment in favor of the SEC and an appeal. Indeed, to progress to the point where judgment was entered in favor of the SEC, the parties engaged in significant pre-trial motion practices, extensive discovery, and several rounds of dispositive motion briefing at summary judgment and regarding remedies. But the fact that substantial time and effort has already been expended does not necessarily mean that a dismissal without prejudice will waste resources. The Eighth Circuit has approved dismissals without prejudice in other cases that have progressed to similar stages. *See, e.g., $32,820.56 in United States Currency*, 838 F.3d at 933, 937–38 (affirming dismissal without prejudice after close of discovery with trial several months away); *Blaes v. Johnson & Johnson*, 858 F.3d 508,

513–14 (8th Cir. 2017) (affirming dismissal without prejudice after two years of litigation and significant court involvement in discovery and motion practice); *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262–63 (8th Cir. 1993) (affirming dismissal without prejudice after defendant's motion for summary judgment was filed); *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 971 (8th Cir. 1984) (affirming voluntary dismissal without prejudice where plaintiff had only one witness left to call at trial).

Still, the Court acknowledges that it has invested significant effort ruling on the parties' disputes in this case and the parties have, likewise, spent considerable time, effort, and money in the litigation. Nobody is getting that time or money back, and because the orders on appeal have been vacated in response to the SEC's about-face, dismissing this case without prejudice means that none of the claims and defenses will have been finally adjudicated.[3] At the same time, if the Court grants the SEC's motion to dismiss without prejudice it is extremely unlikely that the SEC will ever refile the same claims against Defendants. This means that dismissal will not involve the time and

---

[3] Cases often consider an objecting defendant's request that if a Rule 41(a)(2) dismissal is without prejudice, it be conditioned upon a requirement that the plaintiff pay the defendant's fees and costs incurred in the litigation. *Blaes*, 858 F.3d at 516 (remanding because "the amount of effort invested and the stage to which the case had progressed required an analysis of whether costs and expenses should be awarded"); *Corning Inc. v. Wilson Wolf Mfg. Corp.*, 639 F. Supp. 3d 877, 883 (D. Minn. 2022). But in those cases, defendants have specifically raised that issue, and Defendants have not done so here. Accordingly, the Court finds any argument for conditioning dismissal without prejudice on a payment of fees and costs has been waived. Moreover, the parties do not direct the Court's attention to any case in which a court has conditioned a federal agency's dismissal without prejudice on the government's payment of the defendant's fees and expenses following a post-election policy change.

expense of relitigating the SEC's claims. Under these circumstances, the Court finds this factor does not require dismissal with prejudice.

***Legal Prejudice.*** The last factor for the Court to consider is whether granting the SEC's request for dismissal without prejudice will cause Defendants to suffer legal prejudice. Defendants argue that failing to dismiss this case with prejudice will harm them in several ways: the reputational harm from the SEC's allegations and pursuit of this case, which has labeled them as bad actors and a "risk" for insurance purposes, will linger; the SEC subjected them to years of expensive, protracted litigation, which could recur; the litigation has caused serious stress and anxiety for Mr. Rice that is ongoing; and they face the risk of future litigation that would deprive them of a statute-of-limitations defense and other tactical advantages. (*See generally* Dkt. 259.)

These asserted harms do not constitute the kind of "legal prejudice" contemplated by the caselaw.[4] *See $70,670.00 in United States Currency*, 929 F.3d at 1300 (explaining that the "crucial question" is whether "the defendant [would] lose any substantial right by the dismissal"); *see also SEC v. One or More Unknown Purchasers of Sec. of Telvent Git, SA*, No. 11-cv-3794, 2013 WL 1683665, at *2 (S.D.N.Y. Apr. 17, 2013) ("It is the

---

[4] While the Court does not doubt that the litigation has had a negative effect on Defendants' businesses and reputations, as well as Mr. Rice's own reputation and mental health, Defendants rely primarily on out-of-circuit case law to support consideration of these types of harm. They point only to one Eighth Circuit decision, *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987), but there the court merely observed that the "Third Circuit identified other types of prejudice which might support the denial of a motion for voluntary dismiss" such as "emotional and psychological trauma associated with the experience of defending another lawsuit[.]" *Id.* (citing *Ferguson v. Eakle*, 492 F.2d 26, 29 (3d Cir. 1974)). But the *Paulucci* court did not weigh that factor in its analysis and Defendants point to no other case in which the Eighth Circuit has applied it.

regrettable inevitability of litigation that most lawsuits harm the reputations of their defendants. Therefore, [if] the filing of a lawsuit against them amounts to 'substantial prejudice' [that] would eliminate the possibility of dismissal without prejudice in very many, if not most lawsuits.").

Only Defendants' argument regarding the statute of limitations requires any additional comment. It is true that a defendant suffers "clear legal prejudice" when a case is dismissed under Rule 41(a)(2) "in the face of a valid statute of limitations defense." *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262–63 (8th Cir. 1993). However, Defendants have not shown that granting the SEC's motion to dismiss will deprive them of a statute-of-limitations defense. In fact, Defendants currently have no such defense in *this action*. But if the Court dismisses this case without prejudice, and if the SEC decides to refile this suit, which is extremely unlikely, the Defendants' timeliness defense to such future litigation would only *improve*.[5]

The Court finds Defendants' remaining arguments lack merit. For these reasons, the SEC's motion to voluntarily dismiss this action without prejudice is granted.

---

[5] The SEC moved for summary judgment on Defendants' statute of limitations defense (Dkt. 127 at 36–37), and the Court found that Defendants waived any argument related to that defense (Dkt. 177 at 33–34). The statute of limitations is five years for the SEC's claims for a civil penalty and disgorgement. *See* 28 U.S.C. § 2462; 15 U.S.C. § 78u(d)(8)(A); *see also Kokesh v. SEC*, 581 U.S. 455, 466–67 (2017). With respect to the SEC's request for injunctive relief and a penny stock bars, the statute of limitations is ten years. 15 U.S.C. § 78u(d)(8)B). If it hasn't expired already, the five-year limitations period soon will, and therefore, any effort to refile this suit by the SEC would mean that the Defendants could raise the time bar in a way they cannot in this action.

## II.    Defendants' Motion for Sanctions

Next, the Court turns to Defendants' request for sanctions. Defendants seek sanctions against the SEC pursuant to Rule 11 of the Federal Rules of Civil Procedure and the Court's inherent authority, or, in the alternative, an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA). Specifically, Defendants argue that the SEC engaged in "misconduct of the legal process" and "arguably vindictive litigation practices against Defendants." (Dkt. 254 at 2.) Defendants' motion is denied in all respects.

### A.    Legal Standards

#### *Rule 11*

"The primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct[.]" *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018) (quotation and bracket omitted). Courts may impose sanctions under Rule 11 under the following circumstances:

> when a pleading, written motion or other paper (1) is submitted to the court for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) is not supported by existing law or a nonfrivolous argument for the extension, modification or reversal of existing law; or (3) if the allegations contained therein lack evidentiary support.

*R&A Small Engine, Inc. v. Midwest Stihl, Inc.*, 471 F. Supp. 2d 977, 978–79 (D. Minn. 2007) (quotation omitted). Before signing a document filed with a court, Rule 11 requires counsel to "conduct a reasonable inquiry into the factual and legal basis for a claim." *Igbanugo v. Minn. Off. of Laws. Pro. Resp.*, 56 F.4th 561, 567 (8th Cir. 2022) (citing

12

*Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003)). "In determining whether sanctions are warranted, the court considers whether a reasonable and competent attorney would believe in the merit of the argument." *R&A Small Engine, Inc.*, 471 F. Supp. 2d at 979 (cleaned up).

Rule 11 has a "safe harbor" provision under which a litigant seeking sanctions must make the motion "separately from any other motion," serve the motion on the allegedly sanctionable party prior to filing, and wait at least 21 days after serving it to file the motion to allow the other party to withdraw or correct the improper filing. Fed. R. Civ. P. 11(c)(2). This "safe-harbor provision is a strict procedural requirement," and failure to provide advance notice of the motion requires denial of the request for sanctions. *See Caranchini v. Nationstar Mortg., LLC*, 97 F.4th 1099, 1102–03 (8th Cir. 2024) (quoting *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012)).

### *Inherent Authority*

Within the courts' inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases[,]" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)), is the power "to fashion an appropriate sanction for conduct which abuses the judicial process," *id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). For example, if a party acts in bad faith, the court may require that party "to reimburse legal fees and costs incurred by the other side." *Goodyear*, 581 U.S. at 107. However, because a court's inherent powers are "very poten[t]," courts should "exercise[] [them]

13

with restraint and discretion." *Schlafly v. Eagle F.*, 970 F.3d 924, 936–37 (8th Cir. 2020) (quoting *Chambers*, 501 U.S. at 44–45). Any attorney's-fees sanction imposed by the court for bad-faith litigation conduct must be purely compensatory—it "may not impose an additional amount as punishment for the sanctioned party's misbehavior." *Goodyear*, 581 U.S. at 108. Federal courts have discretion in determining whether to impose sanctions under their inherent power. *See Chambers*, 501 U.S. at 55 (reviewing the district court's imposition of sanctions under its inherent power for abuse of discretion); *Schlafly*, 970 F.3d at 937 (referring to the district court's "informed discretion").

"[A]n award of attorneys' fees is permissible under a court's inherent powers as long as the person being sanctioned has demonstrated bad faith." *Willhite v. Collins*, 459 F.3d 866, 870 (8th Cir. 2006) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766–67 (1980)).[6] Actions in litigation may constitute "bad faith" if a party "intentionally advanced a frivolous contention for an ulterior purpose, such as harassment or delay." *Actors' Equity Ass'n v. Am. Dinner Theatre Institute*, 802 F.2d 1038, 1043 (8th Cir. 1986).

---

[6] As the undersigned has previously explained, existing caselaw indicates that a finding of bad faith is required for an attorney's-fees sanction under a court's inherent power. *Smith v. Bradley Pizza, Inc.*, No. 17-cv-2032 (WMW/KMM), 2018 WL 2538362, at *3 (D. Minn. June 4, 2018) (Menendez, M.J.). Even if a showing of bad faith is not strictly required to impose an attorney's-fees sanction under the Court's inherent power, for all the reasons discussed below, the Court finds that such a sanction would be unwarranted under the circumstances of this case.

*EAJA*

Under the EAJA,

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The government's position is "substantially justified" when it "has a reasonable basis in law and fact." *United States v. Hurt*, 676 F.3d 649, 652 (8th Cir. 2012) (quoting *Bah v. Cangemi*, 548 F.3d 680, 683–84 (8th Cir. 2008)).

### B.    Analysis

Defendants argue that the Court should impose sanctions on the SEC for two reasons. First, Defendants claim that the SEC made a "misrepresentation" to the Court by "argu[ing] that the Commission's definition of the rule was clear and without dispute." (Dkt. 254 at 6.) In making this argument, they point to statements made by SEC Commissioner Mark Uyeda indicating that the commissioners themselves were not in full agreement about the SEC's so-called "dealer rule," which was adopted in February 2024.[7] According to Defendants, neither the SEC nor their counsel disclosed Commissioner Uyeda's position to the Court or to Defendants, which constituted a sanctionable misrepresentation. Second, Defendants assert that the SEC's claims were not pursued in good faith because after the SEC adopted the "Dealer Rule," a federal district

---

[7] *See Further Definition of "As a Part of a Regular Business" in the Definition of Dealer and Government Securities Dealer in Connection With Certain Liquidity Providers*, 89 Fed. Reg. 14938 (Feb. 29, 2024).

15

court in Texas vacated that rule as having been improperly issued by the SEC in two separate decisions. *See Nat'l Ass'n of Priv. Fund Managers v. SEC*, No. 4:24-cv-00250-O, 2024 WL 4858589, at *8–10 (N.D. Tex. Nov. 21, 2024) ("*NAPFM*"); *Crypto Freedom All. of Tex. v. SEC*, No. 4:24-cv-00361-O, 2024 WL 4858590, at *5 (N.D. Tex. Nov. 21, 2024) ("*CFAT*"). (*See* Dkt. 254 at 11–13.) Alternatively, Defendants argue that they are entitled to recover their reasonable attorney's fees under the EAJA because they are a prevailing party, and the SEC's position was not substantially justified. (Dkt. 254 at 16–17.) As explained below, Defendants' position is meritless.

**Rule 11 Sanctions.** Critically, with respect to Rule 11, Defendants are not entitled to sanctions because they failed to show compliance with the rule's safe-harbor provision. *Caranchini*, 97 F.4th at 1102–03; *see also e.g., Backpage.com, LLC v. Schmitt*, No. 4:17-CV-1951 PLC, 2019 WL 2285909, at *11 (E.D. Mo. May 29, 2019) ("A district court abuses its discretion if it awards Rule 11 sanctions based on a motion that does not comply with the safe harbor provision in that the motion 'was not made separately from other motions or requests and the moving party did not serve a prepared motion on the party to be sanctioned 21 days prior to making any request for Rule 11 sanctions to the court.'" (quoting *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1030 (8th Cir. 2003)) (cleaned up)). Defendants do not suggest that they complied with any part of this procedural requirement or even attempted to do so. (Dkt. 272 at 6 n.1 (noting, in opposition to Defendants' motion for sanctions, their failure to comply with the applicable procedural requirements); Dkt. 274 at 4–5 (arguing that the requirements are not mandatory without refuting claims of noncompliance).) The safe-harbor provision is a

"strict procedural requirement," *Caranchini*, 97 F.4th at 1102 (quoting *Star Mark Mgmt., Inc.*, 682 F.3d at 175), and Defendants' failure to comply with it in any respect is an independent and sufficient basis to deny any request for sanctions under Rule 11.

Even aside from Defendants' failure to comply with Rule 11's safe-harbor provision, Defendants point to nothing in the record to demonstrate that the SEC violated Rule 11. In fact, they hardly engage with the rule or the required showing in a meaningful way. They provide no evidence to suggest that the SEC submitted anything to the Court for an improper purpose, such as to harass Defendants, unnecessarily delay the litigation, or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1). Nor have they shown that the SEC filed its complaint or moved for any relief without support in existing law. Fed. R. Civ. P. 11(b)(2). And they do not suggest that the SEC's complaint or any of its motions lacked evidentiary support. Fed. R. Civ. P. 11(b)(3).

The closest Defendants get to addressing Rule 11's substantive prohibitions is their argument that the SEC lacked sufficient legal support for the claim that Defendants were required to register as "dealers" under the Exchange Act based on their conduct. Defendants suggest that the SEC should never have brought its dealer-registration claim against them because the SEC knew when filing this lawsuit that the claim was unsupported by law and the lawsuit fundamentally unfair. (*See* Dkt. 274 at 5 ("The SEC's complaint was intentionally frivolous and vexatious.").) But in so doing, they rely on events that occurred long after the SEC filed this case to support their position. Both Commissioner Uyeda's statements expressing misgivings about the dealer rule and the Northern District of Texas rulings vacating the Dealer Rule in the *NAPFM* and *CFAT*

17

cases occurred years after the SEC brought this action. Indeed, before these events occurred, this Court had already ruled in favor of the SEC on the issue of Defendants' liability under the Exchange Act's dealer-registration requirement. (Dkt. 177.)

Giving them the benefit of the doubt, perhaps Defendants also mean to suggest that the SEC should have withdrawn its failure-to-register claim based on Commissioner Uyeda's comments[8] or, later, when the Northern District of Texas's decisions in *NAPFM* and *CFAT* were issued. *Cf. Actors' Equity Ass'n*, 802 F.2d at 1042 (indicating that imposition of attorney's fees may be appropriate where arguments are made that are "frivolous, unreasonable, groundless, or where the party continued to litigate after it clearly became so"). But both have to do with concerns about the propriety of the adoption of the Dealer Rule specifically, and the SEC's claims in this case do not depend on the type of trading activity that the Dealer Rule was intended to address. The SEC's claims in this case are based on Section 15(a)(1) of the Exchange Act, and that statutory definition is what the SEC asked this Court to apply when the agency moved to strike certain affirmative defenses, sought summary judgment, and later requested that the Court award particular forms of relief. Even now, with the SEC's motion for voluntary dismissal, the SEC is not asking the Court to enforce or implement the administrative Dealer Rule in any way.

Under these circumstances, the Court finds no support for Defendants' request for Rule 11 sanctions.

---

[8] Defendants' suggestion that the SEC made a misrepresentation by failing to disclose Commissioner Uyeda's comments is unpersuasive because those comments were made publicly.

***Inherent Power.*** Defendants do not differentiate between Rule 11 and the Court's inherent power to impose sanctions in their opening memorandum and instead advance the same rationale in support of both bases for sanctions. Of course, Defendants' failure to comply with Rule 11's requirements does not prevent the Court from finding misconduct sanctionable under its inherent power. But for the same substantive reasons that Defendants' request for attorney's fees under Rule 11 is denied, the Court declines to exercise its inherent power to sanction the SEC by requiring it to pay Defendants' fees. Defendants have made no showing that the SEC filed this case in bad faith; they have not demonstrated that the SEC made any misrepresentation to the Court or to Defendants at any point in the litigation; the SEC did not advance any frivolous arguments; and there is no evidence that the SEC took any action in the case for an improper purpose. The request for sanctions under the Court's inherent power is, therefore, denied.

***Fees and Costs under the EAJA.*** Finally, the Court finds that Defendants are not entitled to an award of attorney's fees under the EAJA. Because the Court concludes that dismissal without prejudice is appropriate, Defendants are not a prevailing party. *Cf. SnugglyCat, Inc. v. Opfer Commc'ns, Inc.*, 953 F.3d 522, 527 (8th Cir. 2020) (concluding that a party was not a "prevailing party" and therefore could not obtain attorney's fees under the Lanham Act because the case was dismissed without prejudice) (citing *Advantage Media, L.L.C. v. City of Hopkins*, 511 F.3d 833, 837 (8th Cir. 2008)).

Defendants rely on cases that are distinguishable. In *Securities Exchange Commission v. Comserv Corporation*, which Defendants cite in their reply (Dkt. 274 at 16), there was no dispute that the defendant was a prevailing party after the SEC failed to

obtain any relief in the district court, and the defendant "was found not to have committed the alleged violations and no injunction was granted." 908 F.2d 1407, 1412 (8th Cir. 1990). Here, in contrast, the SEC voluntarily changed its position, which led the Eighth Circuit to vacate this Court's orders on appeal so the SEC could move for dismissal of this case. Under these circumstances, Defendants are not a "prevailing party" such that they are entitled to attorney's fees.

Moreover, even if Defendants qualified as prevailing parties, the SEC's position in this litigation was substantially justified and thus precludes an award of attorney's fees. Multiple decisions in other unregistered-dealer cases supported the SEC's position throughout this case. *See, e.g.*, *SEC v. Keener*, 580 F. Supp. 3d 1272, 1286–89 (S.D. Fla. 2022), *aff'd*, 102 F.4th 1328 (11th Cir. 2024); *SEC v. Almagarby*, No. 17-cv-62225-CIV-COOKE/HUNT, 2021 WL 4461831, at *3 (S.D. Fla. Aug. 16, 2021), *aff'd in part and rev'd in part on other grounds*, 92 F.4th 1306 (11th Cir. 2024); *SEC v. Fierro*, No. 20-02104 (GC), 2023 WL 4249011, at *7 (D.N.J. June 29, 2023). This Court's decisions denying Defendants' motion to dismiss, denying Defendants' motion for summary judgment, granting the SEC's motion for summary judgment, and granting the SEC's request for remedies also indicate that the agency's position in the litigation was substantially justified. *See United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 382 (7th Cir. 2010) (noting "a presumption that a government case strong enough to survive both a motion to dismiss and a motion for summary judgment is substantially justified"). Moreover, nothing Defendants point to now causes the Court to second-guess its previous conclusions that the SEC's claim finds support in the plain

language of the Exchange Act and the extensive evidence of Defendants' microcap securities transactions. In short, there was ample basis in both law and fact for the SEC's position in this case, and Defendants arguments otherwise have no legal basis. (Dkt. 274 at 19–20.)

Finally, contrary to Defendants' contention, the Eighth Circuit's judgment vacating this Court's orders on appeal does not show that the SEC lacked a substantial justification for its position. The remand here was not the result of any determination by the Eighth Circuit that the SEC's unregistered-dealer claim lacked evidentiary or legal support. Rather, the Court of Appeals vacated the orders on appeal after the SEC sought a remand in light of the agency's recent dismissal of other enforcement cases involving alleged unregistered dealers engaged in conduct similar to that of Defendants.

In sum, there is no basis to impose sanctions on the SEC or to permit Defendants to recover an award of their attorney's fees under Rule 11, the court's inherent authority, or the EAJA. Therefore, Defendants' motion is denied.[9]

## ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED THAT:**

1.   Plaintiff's Motion to Voluntarily Dismiss Without Prejudice (Dkt. 247) is **GRANTED**;

---

[9] The Court also finds that Defendants' request for costs under the EAJA is unsupported. The EAJA states that costs are recoverable by a prevailing party in a civil action brought by a federal agency, unless a statute provides otherwise. 28 U.S.C. § 2412(a)(1). Under Section 27 of the Exchange Act, recovery of costs against the SEC is prohibited. 15 U.S.C. § 78aa(a) ("No costs shall be assessed for or against the Commission in any proceeding under this chapter brought by or against it in the Supreme Court or such other courts.").

22

2.      Defendants' Motion for Sanctions and Costs (Dkt. 252) is **DENIED**; and

3.      This action is **DISMISSED WITHOUT PREJUDICE**.

**Let Judgment be entered accordingly.**

Date: March 10, 2026                    _s/Katherine Menendez_
                                        Katherine Menendez
                                        United States District Judge